UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

Timothy Corcoran,

Plaintiff,

vs. MINUTE ORDER

National Railroad Passenger Corp., a/k/a AMTRAK, a corporation,

Defendant. Civ. No. 00-1894 (JRT/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 1st day of June, 2001.

* * *

On May 29, 2001, the Court heard argument on the Plaintiff's informal Motion to Compel Depositions. At the time of the Hearing, the Plaintiff Timothy Corcoran appeared by Randal W. LeNeave, Esq., and the Defendant National Railroad Passenger Corporation appeared by Max C. Ramsey, Esq. For reasons expressed at the Hearing, and briefly reiterated below, we deny the Plaintiff's Motion.

The Plaintiff has asked the Court to compel the Defendant to produce two individuals for depositions in Minneapolis, Minnesota, and to produce the addresses of other individuals, for possible subpoenas for deposition. In particular, the Plaintiff wishes to depose John Anderson ("Anderson"), who resides in Chicago, Illinois, and Robert Kolkman ("Kolkman"), who resides in St. Cloud,

FILED JUN 01 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD______
DEPUTY CLERK______

Minnesota, in Minneapolis, Minnesota. He would also like the Defendant to pay for the cost of transporting Anderson to Minneapolis.

Apparently, Anderson was the Plaintiff's supervisor in St. Cloud at the time of the incident at issue in this case. Since that time, however, Anderson was reassigned to Chicago, Illinois, where he holds the management-level position as Superintendent of Terminal Operations in Chicago.

As for Kolkman, he is employed as an engineer for the Defendant, and he lives and works in St. Cloud. The Defendant contends that the Plaintiff has not subpoenaed Kolkman, and has not offered to pay the fees for Kolkman's deposition appearance, and related travel expenses. Accordingly, the Defendant does not believe that Kolkman should be required to appear in Minneapolis for the deposition the Plaintiff seeks to schedule.

In addressing the location of the deposition of a party's employee, there is a distinction between the Defendant's ordinary employees, and its directors, officers, and other high-level representatives. "Except where the employee has been designated by the corporation under Rule 30(b)(6)," or is an officer, director, or managing agent, "an employee is treated in the same way as any other witness," and "[h]is or her presence must be obtained by subpoena rather than notice * * *." Wright, Miller & Marcus, <u>8A</u>

Federal Practice & Procedure: Civil 2d §2103, at 36-37. Moreover, ordinary employees are subject to the general rule that a deponent should be deposed near his or her residence, or principal place of work. See, e.g., Metrex Research Corp. v. United States, 151 F.R.D. 122, 125 (D. Colo. 1993); see also, Rule 45(c)(3)(A)(ii), Federal Rules of Civil Procedure (directing Court to quash or modify a subpoena if it "requires a person who is not a party or an officer of a party to travel more than 100 miles from the place where that person resides, is employed or regularly transacts business in person").

Neither Anderson or Kolkman serve as a director, officer, or high-level representative of the Defendant. Therefore, both of their depositions should be by subpoena, if necessary, and within 100 miles of their residence, or principal place of work. In the case of Anderson, his residence and principal place of work is Chicago and, therefore, that is where he should be deposed. In the case of Kolkman, his residence and principal place of work is St. Cloud, which is within 100 miles of Minneapolis and, therefore, if the Plaintiff chooses to subpoena him, he will be required to travel to Minneapolis for the deposition. However, as we noted at the Hearing, the parties should cooperate so as to minimize the costs of taking these depositions. Therefore, if the Plaintiff needs to depose other individuals in the St. Cloud area, or if the Defendant

is going to depose the Plaintiff, who works and resides in the St. Cloud area, they should attempt make a joint effort at scheduling the depositions so that the individuals could be deposed in St. Cloud on the same dates.[1]

Finally, the Plaintiff would also like the Defendant to provide him with the complete home addresses for several employees whom the Plaintiff may seek to depose. The purpose of requesting the addresses is to allow the Plaintiff to determine where the depositions will have to occur, as the individuals at issue are employees who, absent other compelling circumstances, must be deposed within 100 miles of their home or work. According to the Defendant, this includes ten employees, apparently in addition to Anderson and Kolkman. However, our Pretrial Order only allows for the depositions of five individuals. While the Defendant has agreed to provide the Plaintiff with the requested addresses, it appears that the parties will have to discuss which individuals

---

[1]We wish to make clear that we propose, for the party's consideration, some means of economizing on the costs of depositions without attempting to limit the possibilities available to the parties. We are here confronted with experienced Trial counsel, who will secure the testimonial evidence which will assist the representation of the respective client's interests. To needlessly incur expenses, or unduly tax the opposing side with expenses, does not advance the interests of justice, and could serve to delay the progress of this case to Trial. Accordingly, while our suggestions are intended to focus the parties on means of accommodation, they do not constitute Court directives.

will be deposed, and whether the number of allowable depositions should be altered in the operative Pretrial Order. Therefore, we direct the parties to "meet and confer" regarding the number and identity of the individuals that the Plaintiff may depose, as well as the necessity of deposing the individuals. If, after the meet and confer, the parties are unable to reach an agreement on these issues, then they should promptly seek the further guidance of this Court.

Finally, as discussed at the Hearing, the discovery deadline in this case is set to expire on June 1, 2001. However, as it appears that the Plaintiff still has a number of depositions to complete, and in view of the Defendant's candid concession that some portion of delay is attributable to the Defendant, we find "good cause" to extend the discovery deadline, as well as the other deadlines -- but one -- by 60 days.[2] Thus, the Pretrial Order is amended as follows: discovery will conclude on **August 1, 2001**; all non-dispositive Motion shall be scheduled, filed, and served, **by September 1, 2001**; all dispositive Motions shall be filed and a hearing thereon completed **by November 1, 2001**; and the case shall be Ready for Trial on **December 1, 2001**.

[2]The deadline for expert disclosures, which was April 1, 2001, for the Plaintiff, and May 1, 2001, for the Defendant, is not extended by this Order.

NOW, THEREFORE, It is --

ORDERED:

1. That the Plaintiff's informal Motion to Compel Depositions is DENIED, as further detailed in the text of this Order.

2. That the parties "meet and confer" regarding the number and identify of the individuals that the Plaintiff wishes to depose, as well as the necessity for deposing those individuals.

3. That the Pretrial Order is amended as detailed in the text of this Order.

BY THE COURT:

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE