UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

Timothy Corcoran,

Plaintiff,

vs. MINUTE ORDER

National Railroad Passenger Corporation, d/b/a AMTRAK, a corporation,

Defendant. Civ. No. 00-1894 (JRT/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 2nd day of July, 2001.

* * *

On June 29, 2001, the Court heard argument on the Defendant's informal Motion to address several discovery disputes. At the time of the Hearing, the Plaintiff appeared by Randal W. LeNeave, Esq., and the Defendant appeared by Max C. Ramsey, Esq. We deny the Defendant's requested relief.

First, the Defendant asks that we compel the Plaintiff to provide complete expert disclosures, and that we extend the pertinent pretrial deadlines so as to allow it to serve its own expert disclosures. According to the Defendant, the Plaintiff has not provided complete expert disclosures for a variety of physicians who are expected to testify at Trial. As such, the Defendant avers

FILED JUL 0 2 2001
RICHARD D. SLETTEN, CLERK
JUDGEMENT ENTERED
DEPUTY CLERK'S INITIALS

that it has been unable to ascertain whether it should retain experts on its own behalf, so as to counter the opinions to be offered by the Plaintiff's treating physicians. In response, the Plaintiff avers that any physicians, whom he has identified as experts who will testify at Trial, are treating physicians, and are, therefore, not subject to the expert disclosure requirements of Rule 26. We agree and, therefore, we deny the Defendant's request that the Plaintiff be directed to supplement his expert disclosures.

Our Pretrial Scheduling Order clearly states that parties are required to provide expert reports "as required by Rule 26(a)(2)(B) * * *." Rule 26(a)(2)(B) contemplates that disclosures be made, and written reports be provided, with respect to those who are experts, within the contemplation of Rules 702, 703, or 705, Federal Rules of Evidence, and who are "retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony." See, Rule 26(a)(2)(B), Federal Rules of Civil Procedure. Further, the Advisory Committee Notes to the 1993 Amendments of Rule 26(a)(2)(B) make plain, that a "treating physician" need not prepare a written expert report.[1] Some cases hold to the contrary, at least

[1]In pertinent part, the Advisory Committee Notes provide as (continued...)

when the treating physician intends to opine about matters such as causation, and permanent disability ratings -- which may not have been a part of the medical care given by that physician -- but those cases have not found general favor. See, e.g. Widhelm v. Wal-Mart Stores, Inc., 162 F.R.D. 591, 594 (D. Neb. 1995)("The treating physicians will only be allowed to testify about their treatment of the plaintiff and the fairness and reasonableness of their bills."); but see, Sprague v. Liberty Mut. Ins. Co., 177 F.R.D. 78, 80-81 (D.N.H. 1998)("[E]very court which has considered [Widhelm and similar cases] has either expressly declined to follow them or has distinguished or modified them.")

---

[1](...continued)
follows:

> For convenience, this rule and revised Rule 30 continue to use the term "expert" to refer to those persons who will testify under Rule 702 of the Federal Rules of Evidence with respect to scientific, technical, and other specialized matters. The requirement of a written report in paragraph (2)(B), however, applies only to those experts who are retained or specially employed to provide such testimony in the case or whose duties as an employee of a party regularly involve the giving of such testimony. A treating physician, for example, can be deposed or called to testify at trial without any requirement of a written report. By local rule, order, or written stipulation, the requirement of a written report may be waived for particular experts or imposed upon additional persons who will provide opinions under Rule 702.

Further, as we noted at the Hearing, while some may argue that, in allowing treating physicians, and employee-experts, to escape the disclosure requirements of Rule 26(a)(2)(B), we permit surprise at the time of Trial, nothing in Rule 26(a)(2)(B) restricts a litigant's right to employ Interrogatories, depositions, or any other discovery tool, in order to assure that no party is blind-sided at the time of Trial. As such, the Defendant's informal Motion to Compel additional expert disclosures, is denied.[2]

In addition, the Defendant has requested that we direct the Plaintiff to pay for one-half of the deposition fees charged by Dr. VanCurra, who is located in Chicago, Illinois. According to the Defendant, both parties wish to depose Dr. VanCurra, as he was formerly employed as a physician by the Defendant, at the time of the Plaintiff's injuries. As such, Dr. VanCurra was responsible, allegedly, for evaluating the Plaintiff, after he sustained his injuries, and for subsequently recommending that the Plaintiff was capable of returning to work.

[2]At the Hearing, the Defendant suggested that the basis, for its requested extension of the expert disclosure deadline, was the failure of the Plaintiff to provide adequate expert disclosures. However, because the Plaintiff's disclosures were appropriate, the Defendant's self-imposed delay in proffering its own expert disclosures was not justified. As such, there is no "good cause" to amend the Pretrial Scheduling Order, under these circumstances. See, Rule 16(b), Federal Rules of Civil Procedure.

As we stated at the Hearing, in our considered view, Dr. VanCurra's anticipated testimony will be akin to that typically proffered by experts, as he is expected to explain the bases for his medical opinion concerning the significance of the Plaintiff's injuries. Contrary to the Plaintiff's view, Dr. VanCurra is not a mere fact witness but, rather, is similar an expert whose experience, training, and qualifications, allow him to express opinions not capable of expression by a lay witness. See, Rule 26(a)(2)(B), Federal Rules of Civil Procedure. Here, however, Dr. VanCurra is no longer employed by the Defendant and, because both parties wish to depose him, both should share in the costs of that inquiry. Therefore, the Plaintiff should equally share the costs of taking Dr. VanCurra's deposition.

NOW, THEREFORE, It is --

ORDERED:

That the Defendant's Informal Motion to Resolve Discovery Disputes is GRANTED in part, and DENIED in part, as detailed in the text of this Minute Order.

BY THE COURT

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE